Joanne SCHAEFFER, et al., Plaintiffs–Appellants,

v.

AMERICAN MOTORISTS INSURANCE COMPANY, Defendant–Respondent,

No. 73472.

Missouri Court of Appeals, Eastern District, Division Five.

July 31, 1998.

---

Blair Drazic, Creve Coeur, for plaintiffs-appellants.

Eugene K. Buckley, St. Louis, for defendant-respondent.

CHARLES B. BLACKMAR, Senior Judge.

The mother of the five plaintiffs was killed in an accident with an uninsured motorist. They made claim for her wrongful death under two insurance policies with uninsured motorist coverage aggregating $200,000. After negotiations which were not always smooth the plaintiffs and the insurer entered into an executory contract obliging the insurer to pay the plaintiffs $200,000.

The insurer then insisted on, as a condition of payment, the execution of a release containing the following provision:

> ... For the consideration aforesaid, and to the extent of any payment thereunder, the undersigned agrees to hold in trust for the benefit of the [insurance] company all rights of recovery which we shall have against any person or organization legally liable for such bodily injuries ...

The preceding paragraph of the document identified the time and place of the fatal accident which was the occasion for the plaintiffs' claim.

The five plaintiffs were unwilling to sign the tendered release. Their particular objection was that they were considering a suit against Ford Motor Company because of vehicle defects which might have caused or contributed to the accident and were concerned lest the language of the release be construed as giving the insurer the right to the first $200,000 of any recovery in that suit. The plaintiffs at the time were represented by a layperson, who expressed agreement with their decision. The tendered release

was not signed and the agreed settlement money was not paid.

The plaintiffs then filed suit in two counts. Count II was dismissed and the dismissal was affirmed by this court. *Koehrer v. American Motorists Insurance Co.*, 931 S.W.2d 898 (Mo.App.1996), so it need not concern us further. Count I contained a claim for the agreed settlement amount plus interest, and also for penalties and attorneys' fees for vexatious refusal to pay as authorized by section 375.200 RSMo 1994.

The trial court sustained the insurer's motion for summary judgment, directing payment of the $200,000 settlement on receipt of a release from the plaintiffs in the form tendered by the insurer, and denying all other relief. The court overruled the plaintiffs' motion for partial summary judgment seeking recovery of the settlement figure plus interest. For the reasons which we now state, we reverse and remand.

▪ The plaintiffs argue that they are entitled to the settlement amount without the need for any formal release. We do not accept this argument *in toto*. The insurer is entitled to a document which makes it clear that the insured will make no further claim against it for uninsured motorist coverage relating to the fatal accident. Once the insurer satisfies its liability for uninsured motorist coverage its right of subrogation to any personal recovery against the uninsured motorist is established by the governing statute, section 379.203.4 RSMo 1994, which reads in pertinent part as follows:

4. In the event of a payment to any person under the coverage required by this section, and subject to the terms and conditions of such coverage, the insurer making such payments shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made . . .

▪ The insurer needs no authorization from the insured to exercise its subrogation rights. Although the statutory language is far from crystal clear, the case law clearly demonstrates that these subrogation rights extend only to claims by the insured against the uninsured motorist. *Craig v. Iowa Kemper Mutual Insurance Co.*, 565 S.W.2d 716, 726 (Mo.App.1978); *Kroeker v. State Farm Mutual Automobile Insurance Company*, 466 S.W.2d 105, 110–112 (Mo.App.1971).

▪ Although the insurer disclaims any purpose of asserting subrogation rights to any recovery from a person other than the uninsured motorist, the tendered release might appear to be broad enough to give the insurer rights in a recovery against Ford Motor Company, if the plaintiffs should have elected to pursue that claim. The insured should not have to bear the risk that some court might construe the document in this manner. The insurer is not entitled to insist on a release which might be read as granting more extensive subrogation rights than the law affords it, when the parties have already entered into an executory contract of settlement. *See Insurance Company of North America v. Skyway Aviation, Inc.*, 828 S.W.2d 888, 892 (Mo.App.1992.)

The insurer argues that the language of its release is virtually identical to the language of the statute. This does not change our conclusion. The statute itself is confusing when not read in conjunction with the case law. Given the statute, the subrogation language in the release is unnecessary. The insurer was not justified in requiring the execution and delivery of the tendered release as a condition of payment and the court erred in making it such. We might think that the parties could have agreed on appropriate language, since there seems to be no substantive disagreement between them, but they have gone to law over the issue and we are obliged to resolve it.

▪ The plaintiffs seek interest and attorneys' fees. Interest awards are designed to provide compensation for the loss of use of money. By general rule, one who fails to pay a liquidated obligation when appropriate demand has been made would be held to pay interest from the time when payment was due. *Skyway Aviation*, 828 S.W.2d at 892. Rather than directing interest at this time, however, we opt for remand so that the

defendant insurer may bring to the attention of the trial court any reason why interest should not be decreed from the time the insurer tendered the inappropriate release to the time of payment pursuant to our mandate.

The plaintiffs also sue for statutory penalties and attorneys' fees for vexatious refusal to pay as provided by section 375.420 RSMo 1994. We remand for determination of the vexatious refusal claim. We express no opinion as to whether the record shows that the plaintiffs have a submissible case of vexatious refusal. The issue has not been briefed to us and we do not want to circumscribe the parties in their legal contentions and evidentiary offers. We might express the hope that they can bring this lengthy controversy to an end without further judicial proceedings, but the parties are entitled to proceed as they deem wise.

The judgment is reversed and the case is remanded with directions to direct the payment of $200,000 to the plaintiffs on execution of a document acknowledging full satisfaction of the plaintiffs' uninsured motorist claims, and for further proceedings consistent with this opinion.

CRAHAN, C.J., and RICHARD B. TEITELMAN, J., concur.